## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Olga Tapia Nieves, Task Force Officer of the Drug Enforcement Administration (DEA), being duly sworn, does hereby state and depose as follows:

### AFFIANT BACKGROUND

1.      I am a law enforcement officer of the United States of America within the meaning of Section 2510 (7) of the Title 18, United States Code, that is, an officer of the United States who is empowered by the law to conduct investigation of and to make arrests for, the offenses enumerated in Section 46504 of Title 49, United States Code.

2.      I, Olga Tapia-Nieves, a Task Force Officer with the United States Drug Enforcement Administration hereinafter referred to as DEA being duly sworn, depose and state as follows: Your Affiant is a Task Force Officer of the United States Department of Justice, Drug Enforcement Administration and have been so employed since 2011.

3.      I am currently assigned to the Enforcement Group 1, in San Juan, Puerto Rico.  I also attended the Task Force Officers DEA Basic Training. I have received training and have participated in criminal investigations, including investigations relating to large-scale cocaine trafficking organizations as a member of the DEA, San Juan, Puerto Rico.

4.      Your affiant is an "an investigative or law enforcement officer of the United States" within the meaning of Section 2510 (7) of Title 18, United States Code.

Your affiant is therefore, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Section 2516 of Title 18, United States Code.

5.      During my law enforcement career, I have become familiar with the trafficking of illegal drugs and its proceeds, and with the drug trafficking organizations operating in Puerto Rico. As part of my official duties, I have conducted arrests of persons engaged in illegal drug activities and its proceeds; I have executed search warrants of homes and property of persons engaged in drug trafficking and money laundering activities; and, I have participated in seizures of property and currency which constituted proceeds of illegal drug trafficking activity.  Moreover, I have interviewed persons involved in the drug trafficking and money laundering business and the methods utilized to launder its proceeds.  Through my training and experience, I have become familiar with the *modus operandi* of drug traffickers and their methods of land transportation, which includes the use of motor vehicles, which in many instances are equipped with hidden compartments.

6.      Your affiant is an "an investigative or law enforcement officer of the United States" within the meaning of Title 18 *United States Code* of Section 2510 (7). Your affiant is, therefore, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, *United States Code* Section 2516.

7.      The details and information stated herein are a compilation of facts and events investigated by me and other Law Enforcement Officers, who investigated and confirmed

their veracity or overseen their development. I have drafted this affidavit for the limited purpose of establishing probable cause that LUIS ANTONIO ROSA-HERNANDEZ (hereinafter "ROSA-HERNANDEZ") violated 18 U.S.C. § 922(o) – Possession of a Machine Gun. Therefore, I have not included all the facts of this investigation.

## SOURCES OF INFORMATION

8.      As previously noted, this affidavit is being submitted for the specific purpose of securing a criminal complaint. I have not included all the facts known to me concerning this investigation. Instead, I have presented only the facts that are necessary to demonstrate probable cause that violations of the federal laws set forth below have occurred.

9.      I am familiar with the facts set forth in this affidavit from my personal observations and inquiries, from the observations and investigations of other law enforcement officers and/or analysts as related to me in conversation and/or through written reports, and/or from records and/or documents and/or other evidence obtained as a result of this and related investigations. I have also obtained such information from records, documents and other evidence obtained in this investigation. Unless otherwise stated herein, I believe that the information provided to me by others is reliable. In those instances where I express an opinion or belief regarding the facts alleged herein, that opinion or belief is based on my education and experience as set forth previously herein, together with my knowledge of this investigation and any other specific factors I offer in connection with a particular assertion.

## FACTS SUPPORTING PROBABLE CAUSE

10.      On January 24, 2025, at approximately 5:30am, PRPB Arrest Unit agents arrived at an address in Naguabo, PR to execute a Puerto Rico arrest warrant on ROSA-

HERNANDEZ. Upon arriving at the residence, PRPB Agent Angel Rodriguez Acevedo #18877 knocked on the door and advised of the PRPB presence at the residence. PRPB Agent Jonathan Romero Lebron # 29872 observed ROSA-Hernandez leave the residence going toward the garage carrying two (2) large bags and put them into a grey Ford Explorer plate JJJ939 (registered to Luis Isander Medina Vazquez) which was parked inside the garage and then return to the residence. Agent Jonathan Romero Lebron saw, protruding from the bags, what he believed to be barrels of firearms.

11.     PRPB Agents arrested ROSA-Hernandez and advised him of his Miranda Warnings. PRPB Agent Romero Lebron seized from the vehicle the bags he had seen ROSA-HERNANDEZ carrying:  one (1) large black backpack and one (1) multicolor black pack. From those bags, PRPB Agents recovered one (1) Rifle AK-47 serial number PAC1166016 21 converted to fire in full automatic mode (field tested by Agent Jonathan Romero Lebron), caliber 7.62mm, one (1) Rifle R-15 model 2.23mm without serial number, Pistol Glock P80, caliber .9mm serial number CA35924, Pistol Glock Model 22, caliber .40mm, serial number PAW773, five (5) rifle magazines 2.23mm, three (3) Rifle magazines 7.62mm, one (1) pistol magazine .9mm, two (2) magazines .40mm, forty-five (45) .40mm ammunitions, eighteen (18) .9mm ammunitions, one hundred twenty-three (123) 2.23mm ammunitions, forty seven (47) 7.62mm ammunitions, and one (1) "300 black out" ammunition.

12.     ROSA-HERNANDEZ was transported to PRPB Head Quarters in San Juan, PR.

13.     DEA TFO Olga Tapia, as witnessed by TFO Juan Ruiz and TFO Elvis Rosario, advised ROSA-HERNANDEZ of his Miranda Warnings which he acknowledged,

understood, and signed DEA form 13b; ROSA-HERNANDEZ agreed to be interviewed without the presence of an attorney.

14.    During the interview, ROSA-Hernandez stated to the agents that he is the owner of all the firearms seized from inside the vehicle.

15.    Among other things, ROSA-HERNANDEZ stated that he knew that the AK-47 is modified to shot in fully automatic mode.

## CONCLUSION

Based on my training and experience, and the above-mentioned facts, I have probable cause to believe that LUIS ANTONIO ROSA HERNANDEZ violated 18 U.S.C. § 922(o) – Possession of a Machine Gun.

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

OLGA TAPIA-NIEVES (Affiliate)
Digitally signed by OLGA TAPIA-NIEVES (Affiliate)
Date: 2025.01.25 08:25:26 -04'00'

_____

Olga Tapia Nieves
Task Force Officer
Drug Enforcement Administration

**SWORN AND SUBSCRIBED** pursuant to FRCP 4.1 at 3:54 PM by telephone this 25th day of January 2025, in San Juan, Puerto Rico.

Digitally signed by Hon. Giselle López-Soler

_____

**HON. GISELLE LOPEZ-SOLER**
**UNITED STATES MAGISTRATE JUDGE**
**DISTRICT OF PUERTO RICO**